Laurie E. Rosen [LR2443]
LAW OFFICES OF LAURIE E ROSEN
888 Grand Concourse, Suite 1H
Bronx, New York 10451
718-618-7516

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------------------X        _____ CV _____
PATRICIA OLIVER,

                Plaintiffs,

      - against -                                                                              **COMPLAINT**
                                                             **JURY TRIAL DEMANDED**
                                                                 **ECF CASE**

CITY OF NEW YORK and POLICE OFFICER TRACY CARTER,
(SHIELD NUMBER 015450), Individually and in her Official
Capacity, POLICE OFFICERS "JOHN DOE"
1 – 6, Individually and in their Official Capacity (the name John
Doe being fictitious, as the true names are presently unknown),

                                           Defendants.
-------------------------------------------------------------------------------X

Plaintiff PATRICIA OLIVER, by her attorney, Laurie E. Rosen, complaining of the defendants, respectfully allege as follows:

**PRELIMINARY STATEMENT**

      1.      Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of her civil rights, as rights are secured by said statutes and the Constitution of the State of New York and the United States.

**JURISDICTION**

2. This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 and the Fourth and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is founded upon 28 U.S.C. §§ 1331 and 1343.

## VENUE

4. Venue is properly laid in the Southern District of New York under U.S.C. §1391(b), in that this the district in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. Plaintiff, PATRICIA OLIVER, is a fifty-nine year old, African-American female, a citizen of the United States, and at all relevant times, a resident of the City and State of New York.

7. Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant CITY OF NEW YORK maintains the New York City Police Department ("NYPD"), a duly authorized public authority and/or police department authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, City of New York.

9. At all times hereinafter mentioned the individually named defendants POLICE OFFICER TRACY CARTER and P.O.'s "JOHN DOE" #1-6 were duly sworn police officers of said department and were acting under the supervision of said department and

according to their official duties.

10. At all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages, and/or practices of the State or City of New York.

11. Each was all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

12. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendants THE CITY OF NEW YORK.

## FACTS

13. On or about December 5, 2012, at approximately 8:30 a.m., PATRICIA OLIVER, was getting ready for an appointment in her bathroom inside of 4030 Laconia Avenue, Apartment 1A, Bronx, New York, the residence she shares with her twenty-seven year old son, Kevin Oliver.

14. At the aforesaid time, Plaintiff Oliver, observed her son, Kevin Oliver fighting with his female guest. Unable to stop the fight, Plaintiff Oliver ran to the kitchen and called 911.

15. Shortly thereafter, defendant officers knocked on the apartment door in response to Plaintiff Oliver's 911 telephone call.

16. As plaintiff attempted to explain what happened, defendant grabbed Plaintiff

OLIVER from behind with such force that she fell to her knees

17. Plaintiff OLIVER'S daughter informed defendant that plaintiff had a bad shoulder. Despite this fact, defendant yanked plaintiff OLIVER'S arms up behind her back.

18. Defendant ignored Plaintiff OLIVER's daughter and placed plaintiff under arrest, charging plaintiff with Assault, despite the fact that plaintiff reported the incident to defendant officers and plaintiff had not engaged in any criminality.

19. Plaintiff repeatedly informed defendants that was claustrophobic and needed to walk to the precinct (one block from her home) but defendants refused to allow plaintiff to walk, forcing her into a packed prisoner van.

20. At no time on December 5, 2012, did plaintiff assault anyone or act unlawfully.

21. At no time on December 5, 2012, did defendants possess information that would lead a reasonable officer to believe probable cause existed to arrest PLAINTIFF PATRICIA OLIVER. As a result of her unlawful arrest, plaintiff PATRICIA OLIVER spent two (2) days in police custody before the Bronx District Attorney's Office declined to prosecute charges against her.

22. As a result of the foregoing, plaintiff sustained, *inter alia* loss of liberty mental anguish, shock, fright, apprehension, embarrassment, humiliation and deprivation of her constitutional rights.

**FIRST CLAIM FOR RELIEF**
**DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. §1983**

23. Plaintiff repeats, reiterates and realleges each and every allegation of

paragraphs "1" through "22" with the same force and effect as if fully set forth herein.

24. All of the aforementioned acts of the defendants, their agents, servants and employees were carried out under the color of state law.

25. All of the aforementioned acts deprived plaintiff of rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America and in violation of U.S.C. . §1983.

26. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all of the actual and/or apparent authority attendant thereto.

27. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

28. Defendants. Collectively and individually, while acting under color of state lwa, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

## SECOND CLAIM FOR RELIEF
## FALSE ARREST UNDER 42 U.S.C. § 1983

29. Plaintiff repeats, reiterates and realleges each and every claim and every allegation contained in paragraphs "1" through "28" with the same force and effect as if fully set forth herein.

30.   As a result of the aforesaid conduct by defendants, plaintiff was subjected to illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained and confined, without any probable cause, privilege or consent.

31.   As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, she was put in fear for her safety, and was humiliated and subjected to handcuffing and other physical restraints, all without probable cause.

### THIRD CLAIM FOR RELIEF
### EXCESSIVE FORCE UNDER 42 U.S.C. § 1983

32.   Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "31" with the same force and effect as if fully set forth herein.

33.   The level of force employed by defendants was objectively unreasonable and in violation of the constitutional rights of the plaintiff.

34.   As a result of the foregoing, plaintiff PATRICIA OLIVER sustained bodily injuries including, but not limited to, a shoulder injury.

### FOURTH CLAIM
### MUNICPAL LIABILITY

35.   Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "34" with the same force and and effect as if fully set forth herein.

36.   Defendants collectively and individually, while acting under color of state law,

engaged in conduct that constituted a custom, usage, practice, procedure, or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

37. The aforementioned customs, usages, practices, procedures and rules of the City of New York and the New York City Police Department included, but were not limited to the following unconstitutional practices:

    a) responding to 911 calls and arresting any and all individuals in said premises regardless of individualized probable cause, and

    b) arresting innocent persons notwithstanding the existence of credible evidence which exonerates the accused of any criminal wrongdoing.

38. The existence of the aforesaid unconstitutional customs and policies may be inferred from repeated occurrences of similar wrongful conduct, as documented in the following civll rights actions filed against the City of New York:

    • **Middleton v. City of New York,** 09 CV 4656 (plaintiff was arrested along with the occupants of the house as a result of drugs being found in a bedroom where she was not located and held for thirty (30) hours before the District Attorney declined prosecution because there was no evidence consistent with her knowledge or possession of the drugs recovered).

    • **Hoover v. City of New York,** 09 CV 0088 (plaintiff was arrested along with all of the occupants of the apartment because drugs were found secreted in two bedrooms where plaintiff was not located and held for twenty four (24) hours before the District Attorney declined prosecution because there was no evidence consistent with her knowledge or possession of the drugs recovered).

    • **Nunez v. City of New York,** 09 CV 8798 (plaintiffs were arrested along with all of the occupants of an apartment because a gun was found in a locked safe in the one of the occupants room and were held twenty four (24) hours before the District Attorney declined prosecution because there was no evidence consistent with their knowledge or possession of the gun).

- **Batista v. City of New York,** 08 CV 7639 (plaintiffs were arrested along with all of the occupants of an apartment as the result of a drugs found in one of the occupants pocket and were all held twenty four (24) hours before the District Attorney declined prosecution because there was no evidence consistent with their knowledge or possession of the drugs).

- **Ramos v. City of New York,** 10 CV 1171 (plaintiff was arrested with all other individuals located in an apartment as the result of a single pill of Ciboxen recovered in the owners bedroom nightstand and were all held twenty four (24) hours before the District Attorney declined prosecution because there was no evidence consistent with their knowledge or possession of the drugs).

39. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff.

40. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff as alleged herein.

41. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiff as alleged herein.

42. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiff was unlawfully arrested and detained.

43. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff's constitutional rights.

44. The acts complained of deprived plaintiff of her rights:

    1. Not to be deprived of liberty without due process of law;
    2. To be free from seizure and arrest not based upon probable cause;
    3. To be free from unlawful search;
    4. Not to have summary punishment imposed upon her; and
    5. To receive equal protection under the law.

45. As a result of the foregoing, plaintiff is entitled to compensatory damages in the sum of one million dollars ($1,000,000.00) and is further entitled to punitive

damages against the individual defendants in the sum of one million dollars ($1,000,000.00).

**WHEREFORE,** PATRICIA OLIVER, demands judgment in the sum of one million dollars ($1,000,000.00) in compensatory damages and one million dollars ($1,000,000.00) in punitive damages, plus reasonable attorney's fees, costs, and disbursements of this action.


Dated: New York, New York
       October 28, 2015


                                        BY:_____/S_____
                                        Laurie E. Rosen [LR2443]
                                        LAW OFFICES OF LAURIE E. ROSEN
                                        888 Grand Concourse, Suite 1H
                                        Bronx, New York 10451
                                        (718) 618-7516